I respectfully dissent from the majority opinion. I would sustain the assignment of error and vacate the judgment of the trial court. The issue in the instant case is whether appellant's trip to his home to eat dinner and sleep constituted a reasonable deviation from the Interstate Highway System to a facility for food and rest. I would conclude that the conviction in the instant case denied appellant reasonable access to and from I-71 for purposes of food and rest. Appellant testified that he could not go directly to Obetz on January 25, 1999, as he could not unload the truck until 8:00 the next morning. He testified that when he reached the general neighborhood of his home, he decided to go home for dinner and a night's rest. He testified that his home was about two miles from the ramp to I-71, and the trooper testified that when he stopped appellant, he was approximately one mile from I-71. I would find that appellant's two-mile deviation was reasonable as a matter of law under 23 U.S.C. § 127 (b). The court found that appellant had numerous options available to him to avoid deviation from his specified route, as set forth in his special use permit. Apparently the court based this decision on the trooper's testimony that appellant could have slept in his cab at a rest stop, gas station, or behind the weigh station. The trooper further testified that there were places where he could have dropped the trailer, and called for a ride to his home if he chose to do so. However, the mere existence of other options which the trooper felt were more appropriate did not render appellant's choice to go home for the night unreasonable. I would sustain the assignment of error and reverse the judgment of the trial court.